UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


FREDERICK CHRISTIAN KNAPP,

                    Petitioner,                    Case No. 2:11-cv-54

v.                                                 Honorable R. Allan Edgar

JEFFREY WOODS,

                    Respondent.
_____/

## **OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary

review of the petition to determine whether "it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES

GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed.

Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which

raise legally frivolous claims, as well as those containing factual allegations that are palpably

incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the

review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust

available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner Frederick Christian Knapp presently is incarcerated at the Kinross Correctional Facility. Following a jury trial, he was convicted of two counts of third-degree criminal sexual conduct involving a person between the ages of thirteen and fifteen, MICH. COMP. LAWS § 750.520d(1)(A). He was sentenced by the Dickinson County Circuit Court on June 9, 2008 to two terms of seven years and eleven months to fifteen years.

Petitioner filed a notice of appeal. On the advice of counsel, Petitioner stipulated to dismiss the case, and the court of appeals entered an order of dismissal on November 14, 2008. On November 17, 2009, Petitioner filed in the circuit court a *pro se* motion to reissue the judgment, alleging the ineffective assistance of trial and appellate counsel. The motion was denied on March 18, 2010. Instead of filing a delayed application for leave to appeal the March 18, 2010 order, Petitioner filed a motion in the Michigan Court of Appeals, seeking reconsideration of the November 14, 2008 dismissal of his original appeal. The motion was rejected for filing as untimely and returned to Plaintiff on July 26, 2010. (*See* 7/26/10 Mich. Ct. App. Let., Attach. to Pet., Page ID#29.) Petitioner then sought leave to appeal the November 14, 2010 order dismissing the appeal to the Michigan Supreme Court. The supreme court also rejected the application as untimely. (*See* 8/20/2010 Sup. Ct. Let., Attach. to Pet., Page ID#39.)

Petitioner filed the instant petition on or about February 14, 2011.[1] Petitioner raises four grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 14, 2011, and it was received by the Court on February 16, 2011. Thus, it must have been handed to prison officials for mailing at some time between February 14 and 16. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

appellate counsel; (3) improper denial of the motion to suppress Petitioner's statements; and (4) improper admission of evidence.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he stipulated to the dismissal of his appeal, which was issued on November 14, 2008. Petitioner did not seek timely reconsideration of the dismissal, nor did he timely appeal the order of dismissal to the Michigan Supreme Court.[2] Further, Petitioner did

---

[2]Petitioner's 2010 attempts to seek appellate review of the November 14, 2008 dismissal of his appeal were rejected as untimely and returned to Petitioner. They therefore were never filed.

not renew his attempt to appeal by filing a delayed application for leave to appeal to the Michigan Court of Appeals during the remaining portion of the 12-month period from the date of judgment, as provided under MICH. CT. R. 7.205(F)(3). As a result, none of Petitioner's habeas grounds was exhausted on direct appeal.

Petitioner subsequently filed a motion in Dickinson County, seeking to reissue the judgment of sentence. Petitioner contends that he mailed the motion on November 17, 2009, but it was not received by the Dickinson County Clerk's Office until March 1. 2010. The state court considered the motion filed on March 1, 2010. (*See* 3/18/2010 Cir. Ct. Ord., Attach. to Pet., Page ID#19 (holding that the rule permitted reissuance of a judgment only if a defendant did not appeal within the time allowed under MICH. CT. R. 7.204(A)(2) and counsel's deficient performance prevented the defendant from perfecting a timely appeal of right).) Moreover, Petitioner never appealed the circuit court's decision by filing an application for leave to appeal to the Michigan Court of Appeals. Instead, he twice attempted to reopen his appeal as of right, which was rejected as untimely by both the court of appeals and the supreme court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals issued an order dismissing Petitioner's appeal on November 14, 2008. Petitioner had 56 days in which to file a delayed application for leave to appeal in the Michigan Supreme Court, though he failed to do so. In addition, Petitioner continued to have the remainder of the 12-month period following entry of his judgment of sentence, or until June 9, 2009, in which to seek appellate review by filing a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely an application for leave to appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). As a consequence, Petitioner's conviction became final on June 9, 2009.

As previously discussed, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed a motion to reissue the judgment that was received by the Dickinson County Clerk's Office on March 1, 2010, thereby tolling the statute of limitations. At the time the motion was filed, Petitioner had 100 days remaining in his period of limitations. The circuit court denied his motion to reissue the judgment on March 18, 2010. Thereafter, Petitioner had until March 18, 2011 to file a delayed application for leave to appeal to the Michigan Court of Appeals. At that time, Petitioner's period of limitations began to run anew.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[3] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[4] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

---

[3]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[4]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:     March 30, 2011                    /s/ R. Allan Edgar
                                            R. Allan Edgar
                                            United States District Judge